FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT LOUIS ALLEN | § | |
| TDCJ-CID NO.1153413, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2546 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Robert Louis Allen, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state court felony conviction. Respondent has filed a motion for summary judgment (Docket Entry No.12), to which petitioner has filed several responses. (Docket Entries No.13, No.14, No.15). For the reasons that follow, the Court will grant respondent's motion for summary judgment and dismiss the petition pursuant to 28 U.S.C. § 2244(d).

I.   PROCEDURAL HISTORY

Petitioner reports that he was convicted in the 337th Criminal District Court of Harris County, Texas, of the felony offense of murder in cause number 915685, and sentenced to twenty years confinement in TDCJ-CID. Petitioner's conviction was subsequently affirmed, and a petition for discretionary review was refused on December 1, 2004. *Allen v. State*, No. 01-03-00291-CR (Tex. App.–Houston [1st Dist.] 2004, pet. ref'd); PDR No.1173-04.

Petitioner filed an application for a writ of habeas corpus in state district court on March 29, 2005. (Docket Entry No.1). The Texas Court of Criminal Appeals denied the application without written order on August 17, 2005. (*Id.*). Petitioner filed the pending federal petition for a writ of

habeas corpus with this Court on July 27, 2006.[1]  *(Id.)*.  Therefore, petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  *Lindh v. Murphy*, 521 U.S. 320 (1997).

Petitioner seeks federal habeas relief on the following grounds:

1.  He was denied the effective assistance of counsel at trial and on appeal;

2.  The evidence was legally and factually insufficient to support his conviction;

3.  He was denied due process, due course of law, and ineffective assistance of counsel when the prosecutor used an incorrect hypothetical during voir dire; and,

4.  He was denied access to the state courts during direct appeal and post-conviction proceedings because the Texas Court of Criminal Appeals does not allow hybrid representation.

(Docket Entry No.1).

Respondent moves for summary judgment on the ground that the petition is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  (Docket Entry No.12).

## II.  DISCUSSION

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(C).  The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial.  *Duckett v. City of Cedar Park, Tex.*, 950 F.2d

---

[1]     The district clerk actually recorded the petition as filed on August 1, 2006, but petitioner indicates that he executed the petition on July 27, 2006.  For statute of limitations purposes, the Court treats the date a *pro se* prisoner deposits a federal petition in the mail as the filing date.  *Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

272, 276 (5th Cir. 1992).  Thereafter, "the burden shifts to the nonmoving party to show with

'significant probative evidence' that there exists a genuine issue of material fact."  *Hamilton v.*

*Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285,

1295 (5th Cir. 1994)).  The Court may grant summary judgment on any ground supported by the

record, even if the ground is not raised by the movant.  *U.S. v. Houston Pipeline Co.*, 37 F.3d 224,

227 (5th Cir. 1994).

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found

in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ
> of habeas corpus by a person in custody pursuant to the judgment of
> a State court.  The limitation period shall run from the latest of --
>
>> (A)    the date on which the judgment became final by the
>> conclusion of direct review or the expiration of the
>> time for seeking such review;
>>
>> (B)    the date on which the impediment to filing an
>> application created by State action in violation of the
>> Constitution or laws of the United States is removed,
>> if the applicant was prevented from filing by such
>> State action;
>>
>> (C)    the date on which the constitutional right asserted was
>> initially recognized by the Supreme Court, if the right
>> has been newly recognized by the Supreme Court and
>> made retroactively applicable to cases on collateral
>> review; or
>>
>> (D)    the date on which the factual predicate of the claim or
>> claims presented could have been discovered through
>> the exercise of due diligence.
>
> (2)    The time during which a properly filed application for State
> post-conviction or other collateral review with respect to the pertinent
> judgment or claim is pending shall not be counted toward any period
> of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).  The one-year limitations period became effective on April 24, 1996,

and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan*, 154 F.3d at 198 (citing *Lindh*, 521 U.S. 320). Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims. *See id.* at 198.

Respondent contends, and the record shows, that under the provisions of the AEDPA, petitioner's one-year limitation period began on March 1, 2005, the last day that petitioner could have filed a petition for writ of *certiorari* with the United States Supreme Court. SUP. CT. R. 13.1. That date triggered the one-year limitations period which expired on March 1, 2006. Respondent acknowledges that petitioner is entitled to the tolling provisions of 28 U.S.C. § 2244(d)(2) for 141 days while his state habeas application was pending before the Texas Court of Criminal Appeals. By respondent's calculation, limitations expired for filing a federal habeas petition on July 20, 2006. (Docket Entry No.12). Respondent correctly notes that because petitioner filed the pending petition seven days after limitations expired, the petition is untimely.[2] (*Id.*).

Petitioner, nevertheless, seeks equitable tolling of the limitations period. The one-year limitations provision of the AEDPA "does not operate as a jurisdictional bar and can in appropriate exceptional circumstances, be equitably tolled." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). A claim of excusable neglect does not support equitable tolling. *Id.* "[W]hen a prisoner asserts that his ability to file a federal habeas petition has been affected by a state proceeding, we will examine the facts to determine whether the prisoner is entitled to equitable tolling under § 2244(d)(1)." *Coleman v.*

---

[2] Petitioner contends that the pending federal habeas petition was not due until August 17, 2006. (Docket Entry No.13). Petitioner, however, misstates the AEDPA limitations period. He maintains that limitations expires for filing a federal habeas petition a year after the Texas Court of Criminal Appeals disposes of a state habeas application. (Docket Entry No.14).

*Johnson*, 184 F.3d 398, 401 (5th Cir. 1999).

Petitioner contends that the limitations period should be equitably tolled because he is actually innocent of murder.  (Docket Entry No.13).  Claims of actual innocence, however, do not support equitable tolling.  *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000).  Moreover, petitioner has provided no evidence to support his actual innocence claim.

Next, petitioner contends that he is "substantially illiterate" and illiterate in English and therefore, could not understand how to pursue his rights in courts.  (Docket Entry No.13).  It is well-settled that equitable tolling is not warranted merely because a petitioner proceeds *pro se* and is not well-versed in the law.  "[I]gnorance of the law or of statute of limitations is insufficient to warrant tolling."  *Felder*, 204 F.3d at 172.  That petitioner proceeds without counsel likewise does not warrant equitable tolling.  *Id.* at 171.  Neither unfamiliarity with the legal process nor "lack of representation during the applicable filing period merits equitable tolling."  *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).  Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition.  *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999).

Petitioner also contends he was subjected to unconstitutional state action which impeded him from filing for federal habeas relief.  (Docket Entries No.13, No.15).  Specifically, petitioner complains that the Texas Attorney General would not provide him with a copy of his state trial record.  Lack of access to state court records by an inmate does not present an 'exceptional circumstance" that would warrant equitable tolling.  *Roughley v. Cockrell*, 45 Fed. Appx. 326 (5th Cir. July 12, 2002) (rejecting a claim for equitable tolling based on an inmate's unfulfilled request for state court records); *Cofer v. Johnson*, 226 F.3d 643 (5th Cir. July 14, 2000) (unpublished disposition) (rejecting a claim for equitable tolling based on delay in receiving a copy of state court

records); *Kiser v. Dretke*, Civil Action No.4:04cv494, 2004 WL 2331592 (N.D. Tex. Oct. 15, 2004) (holding "[d]ifficulty obtaining records and lack of money to pay for copies are common problems among inmates who are trying to pursue post-conviction habeas relief and, thus, do not present exceptional circumstances that warrant equitable tolling"), *report and recommendation adopted by* 2004 WL 2549174 (N.D. Tex. Nov. 9, 2004).

He also claims that he and the writ writer, who assisted him in filing the pending petition, have pursued relief with limited resources and faced retaliatory interference from state officials with accessing the courts. (Docket Entries No.13, No.15). Specifically, he complains that TDCJ officials confiscated or threatened to confiscate legal papers belonging to petitioner that the writ writer had in his possession. (*Id.*). In support of this retalitatory interference allegation, petitioner attached an unsworn declaration of inmate John Gray, the writ writer who assisted him in filing the pending petition. (Docket Entry No.15). Gray states that petitioner approached him on June 20, 2006, ten months after the Texas Court of Criminal Appeals denied petitioner's state habeas application, to seek assistance in preparing the pending petition. (*Id.*). Gray claims that petitioner told him that he had been diligently seeking assistance from other inmates from August, 2005, until June, 2006, but no one would help him except Gray. (*Id.*). Gray chronicles his attempt to draft the petition for petitioner, but states no facts to show that petitioner's legal materials were ever confiscated. Gray claims the pending petition was ready to execute on July 5, 2006, but because law library officials were uncooperative with petitioner's efforts to complete the pauper's application, Gray changed the execution date on the pending petition to July 27, 2006, the date that the petition was deposited in the prison mail system. (*Id.*).

To the extent that the confiscation of petitioner's legal materials or the near confiscation of the same constitutes a state-created impediment sufficient to toll the AEDPA statute of limitations,

the Court notes that petitioner did not file the pending federal petition for eleven months after the Texas Court of Criminal Appeals denied his state habeas application and did not engage writ writer Gray's assistance until ten months after the same.  Neither Gray nor petitioner state any facts or provide any proof to support Gray's statement that over a ten month period petitioner's requests for legal assistance from inmate writ writers or outside counsel were refused.  Instead, the record shows that petitioner failed to diligently pursue federal habeas relief and therefore, is not entitled to equitable tolling of the limitations period.  "Equity is not intended for those who sleep on their rights."  *Fisher*, 174 F.3d at 713 n.11 (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir.1989)); *Coleman*, 184 F.3d at 403 (equitable tolling of limitations period requires habeas petitioner to diligently pursue relief).

Moreover, equitable tolling is not appropriate in a case where the petitioner relies on an inmate writ writer.  The State cannot deny to a prisoner the assistance of prison writ-writers. *Johnson v. Avery*, 393 U.S. 483, 490 (1969).  The State, however, is not responsible for the quality of advice or services that the prisoner receives from a writ-writer.  Prisoners do not have a constitutional right to counsel "when mounting collateral attacks upon their convictions." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  The acts or omissions of an inmate writ writer, just like the actions or inactions of post-conviction counsel, do not amount to exceptional circumstances outside of a prisoner's control.  *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) ("mere attorney error or neglect is not an extraordinary circumstance" which warrants equitable tolling).

Finally, petitioner contends that the AEDPA's limitations period imposes an unconstitutional infringement on his right to access the courts and denies him equal protection of the law.  (Docket Entry No.15).  Petitioner's contention is conclusory and without legal or factual support.  Moreover,

enforcement of the AEDPA statute of limitations does not violate equal protection or the First Amendment. *See Dickerson v. Stalder,* 975 F.Supp. 831, 833 (E.D. La. 1997) (observing that adequate notice of limitations period satisfies right to equal protection); *Lamkin v. Cockrell*, Civil Action No.SA-02-0436, 2003 WL 22244962 (W.D. Tex. Sept. 30, 2003) (applying to First Amendment claims the Supreme Court's holding that procedural limitation is not subject to proscription under the Due Process Clause unless it offends a fundamental principle of justice).

Based on the foregoing, the Court finds that petitioner has failed to show that he is entitled to equitable tolling of the AEDPA limitations period. Further, he makes no showing of a newly recognized constitutional right upon which the petition is based; nor does he lay a factual predicate for the claims that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Accordingly, petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, this action is DISMISSED.

III.   <u>CERTIFICATE OF APPEALABILITY</u>

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim

of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."  *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  For the reasons set forth in this Opinion on Dismissal, the Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable.  Therefore a certificate of appealability from this decision will not issue.

IV.   <u>CONCLUSION</u>

Accordingly, the Court ORDERS the following:

1.   Respondent's motion for summary judgment (Docket Entry No.12) is GRANTED.

2.   Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

3.   A certificate of appealability is DENIED.

4.   This cause of action is DISMISSED with prejudice.

5.   All pending motions, if any, are DENIED.

Signed at Houston, Texas, on this 17th day of May, 2007.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE